UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | Case No.: 10-CV-05140-LHK |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| FREDIS NOEL BONILLA, ET AL. | ) | (re: docket #9) |
| Defendant. | ) | |

Defendants Fredis Noel Bonilla and Choice Group Enterprise Inc., both doing business as Tacos Choice Mexican Food, failed to appear or otherwise respond to the Summons and Complaint in this case within the time prescribed by the Federal Rules of Civil Procedure. The Clerk of the Court entered default on January 12, 2011. Dkt. #8. Before the Court is Plaintiff J&J Sports Productions, Inc.'s motion for default judgment. *See* Dkt. #9. Defendants, not having appeared in this action to date, have not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. The April 14, 2011 hearing is vacated. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

## I. DISCUSSION

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the closed-circuit program, including all under-card bouts, "'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight, Championship Fight

1     Program" (the "Program"), originally broadcast nationwide on November 14, 2009. *See* Compl.

2     ¶ 10. Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendants, at

3     their commercial establishment Tacos Choice Mexican Food located in Salinas, California. *Id*. at

4     ¶ 13. On November 12, 2010, Plaintiff filed this action for violation of the Federal

5     Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as

6     violations of California law against conversion and California Business and Professions Code

7     §17200. In the pending motion for default judgment, however, Plaintiff seeks damages only under

8     § 605 and for conversion.

9     Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C.

10    §605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C.

11    §605(e)(3)(C)(ii). With respect to its conversion claim, Plaintiff seeks $2,200.00, the amount

12    Defendant would have been required to pay had he ordered the Program from Plaintiff. Once the

13    Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true

14    except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

15    Cir. 2002). Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal

16    jurisdiction (Defendant resides and does business in this district), the Court shall proceed to review

17    Plaintiff's motion for default judgment.

18    **1. Statutory Damages under Section 605(e)(3)(c)(i)(II)**

19    Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less

20    than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just.

21    "A traditional method of determining statutory damages is to estimate either the loss incurred by

22    the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-

23    09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

24    Plaintiff submits evidence that a commercial license for the broadcast of the Program would

25    have cost Defendants $2,200.00, based on Tacos Choice Mexican Food's 30-person capacity. *See*

26    Affidavit of Joseph M. Gagliardi, President of J&J Sports Productions, Inc., Exh. 1. Alternatively,

27    as to potential profits of Defendants, Plaintiff submits evidence that three separate head counts, at

28    various times, revealed that the total number of patrons was 3, 6, and 10, and that there was no

1   cover charge. *See* Affidavit of Investigator Irene Calderon, attached to Mot. for Default Judgment.

2   As there is no evidence of how much Defendants made during the unlawful exhibition of the

3   Program, the Court shall base statutory damages on the cost of the commercial license.

4   Accordingly, the Court finds that Plaintiff is entitled to $2,200.00 in statutory damages.

### 2. Enhanced Damages under Section 605(e)(3)(C)(ii)

Enhanced damages of up to $100,000 are available when the violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47 U.S.C. §605(e)(3)(C)(ii). In this case, there is no evidence that Defendants advertised the fight, charged a cover charge, or had a minimum purchase requirement. According to Plaintiff's investigator, Defendants had one thirty-two inch and one twenty-six inch LCD television displaying the Program. *See* Calderon Affidavit at 2. Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus Defendants "must have committed wrongful acts in order to intercept, receive, and broadcast the Program." *See* Pl.'s Mot. for Default Judgment at 4. These facts, taken as true for purposes of this motion for entry of default judgment, do suggest that Defendants acted willfully for commercial advantage and private financial gain.

The $100,000 maximum damages available, however, are not warranted under these circumstances. Courts in the Northern District of California have found relatively modest enhancements proper when the case involved a limited number of patrons and when there was a cover charge. *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS 71116, at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000 in statutory damages and $5,000 in enhanced damages when 40 patrons were present and a $10 cover charge was imposed). Here, where there were only 3 to 10 patrons present and no cover charge, the Court views $2,200.00 as a reasonable enhancement.

Accordingly, the Court finds Plaintiff entitled to $2,200.00 in enhanced damages.

### 3. Damages for Conversion

Plaintiff also seeks $2,200.00 in damages for conversion under California Civil Code §3336. The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages. *See G.S. Rasmussen &*

United States District Court
For the Northern District of California

1  *Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992).  Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to entitle Plaintiff to damages.  Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendants' unlawful interception, and damages. *See* Compl. ¶¶ 24-27.  Damages for conversion are based on the value of the property at the time of conversion.  *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941).  As noted above, the commercial license would have cost Defendants $2,200.00, and thus Plaintiff's request is appropriate.

Accordingly, Plaintiff is entitled to $2,200.00 in damages for conversion.

**4. Costs and Fees**

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii).  Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment.  Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and other documents supporting his request for reasonable attorney's fees and costs by Friday, April 29, 2011.

## II. ORDER

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED.  Judgment shall be entered in favor of Plaintiff J&J Sports Productions, Inc. and against Defendants Fredis Noel Bonilla (doing business as Tacos Choice Mexican Food) and Choice Group Enterprise Inc. (doing business asTacos Choice Mexican Food).  Plaintiff shall recover $6,600.00 in total damages.  If Plaintiff's counsel wishes to recover attorney's fees and costs, he must file an affidavit and supporting documentation by Friday, April 29, 2011.  The April 14, 2011 hearing is vacated.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 8, 2011

_____
LUCY H. KOH
United States District Judge